IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LISA J. ROWE, individually, and )
as mother and next friend of her minor )
son, GEORGE M. ROWE, JR., )
)
    Plaintiffs, )
)
v. )  Case No.: CV-02-PT-967-M
)
LISA FRANK, INC., a corporation, )
et al., )
)
    Defendants. )

FILED
JUN 2 0 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
JUN 2 0 2002

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff Lisa J. Rowe's Motion to Remand filed on May 17, 2002.

### FACTS

Plaintiff Lisa J. Rowe ("Rowe") is the natural mother and next friend of George M. Rowe, Jr., and is an adult resident of Etowah County, Alabama.

Defendant Lisa Frank, Inc. ("Lisa Frank"), is a corporation organized and existing under the laws of the State of Arizona, having its principal place of business in Arizona.

On March 22, 2002, Rowe filed a civil action against Lisa Frank in the Circuit Court of Etowah County, Alabama. Rowe alleged that her son "undertook to fill with yam stitches a plastic picture frame contained in the LISA FRANK "Treasure Fulls Jewelry Box" product, a children's hobby craft kit, designed, manufactured, assembled and sold by the defendant LISA FRANK . . . ." Rowe further alleged that "the plastic mesh grid of the LISA FRANK picture frame broke causing a yarn knitter, also contained in the "Treasure Fulls Jewelry Box", to puncture the right eye of George M. Rowe, resulting in sever and permanent physical injuries to

himself and substantial monetary damages to the plaintiff, Lisa J. Rowe." Based on these allegations, Rowe pursued claims based on the following legal theories: (1) Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), (2) Negligence, (3) Wantonness, and (4) Breach of Warranty. Rowe seeks compensatory damages for the AEMLD, Negligence and Breach of Warranty claims. She seeks punitive damages for the Wantonness claim.[1]

On April 17, 2002, Lisa Frank filed a Notice of Removal in this court pursuant to 28 U.S.C. § 1441. According to Lisa Frank, this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

## ARGUMENTS

Rowe argues that this action is due to be remanded because Lisa Frank has not satisfied its burden of establishing that the amount in controversy exceeds the statutory requirement of $75,000.00. According to Rowe, where there is an unspecified claim for damages, a removing defendant must show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.00. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1343, 1357 (11th Cir. 1996). She notes that in its Notice of Removal, Lisa Frank simply alleges that the amount in controversy is believed to exceed the jurisdictional amount. Based on this allegation, Rowe claims Lisa Frank has not "established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite." *Lowe's OK'D Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998).

In response, Lisa Frank argues it has met the preponderance of the evidence standard in

---

[1] On May 17, 2002, Rowe filed a First Amended Complaint adding a claim for punitive damages to the Wantonness count.

2

determining the amount in controversy due to the fact that Rowe has not event attempted to allege that the amount in controversy is less that the jurisdictional amount, nor has she indicated that she is pursuing an amount less than the jurisdictional amount.[2] Lisa Frank also claims that the standard has been satisfied because Rowe has alleged that her son has suffered severe and permanent physical injuries "including, but not limited to, physical injuries, physical pain, mental suffering and anguish, medical expenses, lost wages, permanent scarring, temporary and permanent disability, and incidental expenses." Furthermore, it notes that an award of punitive damages is an available remedy for Rowe's allegations of wantonness. It states that the Eleventh Circuit has held that punitive damages must be considered in determining the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (1987). Finally, even if the court does not consider punitive damages, Lisa Frank contends that it has satisfied its burden based on the medical expenses incurred by Rowe and the allegations of future medical expenses, future lost wages, and the claim of permanent disability suffered by her son.[3]

In reply, Rowe argues that Lisa Frank has not satisfied its burden because it has submitted no evidence to support its contention that plaintiffs' claims exceed the statutory requirement. She states that the court may consider decisions rendered in cases on the same type of suit in making a determination of whether the defendant has met its evidentiary burden. *See Lowe's*, 995 F. Supp. at 1392. She points out that Lisa Frank has not cited the court to damage

---

[2] Lisa Frank agrees that this action should be remanded to state court if Rowe is willing to stipulate that she does not intend to seek more than 75,000.00 in this case, nor will she seek 75,000.00 in the future.

[3] According to Lisa Frank, Rowe has incurred the following medical expenses: Eye Foundation Hospital, $12,627.00; Brookwood Hospital, $9,889.25; and Gadsden Regional Medical Center, $2,369.00.

awards in similar types of cases that would indicate, by a preponderance of evidence, that it is more likely than not that she will recover more than $75,000.00. Since Lisa Frank has not met its evidentiary burden, Rowe states that the burden of proof has not shifted to her to provide rebuttal evidence. Thus, Rowe concludes, her Motion to Remand is due to be granted.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b).

## CONCLUSIONS OF THE COURT

Common sense and experience dictate that, in the absence of a specific disavowal, the amount in controversy exceeds $75,000.00. The motion will be denied.

This 20th day of June 2002.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

5